FILED

14 MAY 13 PM 1:53

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. FLORENCE,<br>CDCR #P-05118,<br><br>                                        Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO; S.A. SANCHEZ;<br>LARA; DR. CASIAN; K. SEELEY;<br>M. GLYNN,<br><br>                                        Defendants. | Civil No.   14cv0578 WQH (WVG)<br><br>**ORDER:**<br><br>**(1)  GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 3]**<br><br>**AND**<br><br>**(2)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

James E. Florence ("Plaintiff"), a prisoner currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, and proceeding in pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead he has filed a certified copy of his inmate trust account statement which the Court has construed as a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

## I.    MOTIONS TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's trust account statement shows a current available balance of zero. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely

1  on a "failure to pay ... due to the lack of funds available.").

2       Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 3), and

3  assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance

4  of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant

5  to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

6  **II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

7       The PLRA also obligates the Court to review complaints filed by all persons proceeding

8  IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused

9  of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

10  conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable

11  after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the

12  PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are

13  frivolous, malicious, fail to state a claim, or which seek damages from defendants who are

14  immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27

15  (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

16  2010) (discussing 28 U.S.C. § 1915A(b)).

17       "[W]hen determining whether a complaint states a claim, a court must accept as true all

18  allegations of material fact and must construe those facts in the light most favorable to the

19  plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington,*

20  152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal

21  Rule of Civil Procedure 12(b)(6)"). In addition, courts "have an obligation where the petitioner

22  is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the

23  petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010)

24  (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however,

25  "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the*

26  *University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of

27  official participation in civil rights violations are not sufficient to withstand a motion to dismiss."

28  *Id.*

1        As currently pleaded, the Court finds Plaintiff's allegations sufficient to survive the sua

2    sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1]  *See Lopez*, 203 F.3d at

3    1126-27.  Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf.

4    *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform

5    all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made

6    by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma*

7    *pauperis* under 28 U.S.C. § 1915.").

8    **III.    CONCLUSION AND ORDER**

9        Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

10       1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3) is

11   **GRANTED**.

12       2.    The Secretary of the California Department of Corrections and Rehabilitation, or

13   his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this

14   case by collecting monthly payments from the account in an amount equal to twenty percent

15   (20%) of the preceding month's income and forward payments to the Clerk of the Court each time

16   the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL

17   PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

18   ASSIGNED TO THIS ACTION.

19       3.    The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard,

20   Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883,

21   Sacramento, California, 94283-0001.

22       **IT IS FURTHER ORDERED** that:

23       4.    The Clerk shall issue a summons as to Plaintiff's Complaint (ECF No. 1) upon

24   Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for

25   each Defendant.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order,

26   a certified copy of his Complaint (ECF No. 1), and the summons so that he may serve each named

27   ————————————————————

28      [1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

1   Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s
2   as completely and accurately as possible, and to return them to the United States Marshal
3   according to the instructions provided by the Clerk in the letter accompanying his IFP package.
4   Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and summons upon each
5   Defendant as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced
6   by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

7       5.      Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the
8   time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42
9   U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to
10  reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility
11  under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C.
12  § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face
13  on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the
14  defendant is required to respond).

15      6.      Plaintiff shall serve upon the Defendants or, if appearance has been entered by
16  counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted
17  for consideration of the Court. Plaintiff shall include with the original paper to be filed with the
18  Clerk of the Court a certificate stating the manner in which a true and correct copy of any
19  document was served on Defendants, or counsel for Defendants, and the date of service. Any
20  paper received by the Court which has not been filed with the Clerk or which fails to include a
21  Certificate of Service will be disregarded.

22
23  DATED: _5/12/14_      _____
24                        HON. WILLIAM Q. HAYES
25                        United States District Judge
26
27
28